UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
LISA PENNICK,                         )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )   05-cv-11060-WGY
                                      )
MICHELLE GRENNON, GRENNON              )
DESIGN                                )
                                      )
    Defendants.                       )
_____)

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Lisa Pennick ("Pennick") answers the correspondingly numbered paragraphs of Defendants' Counterclaims as follows:

1. Pennick states that the allegations contained in paragraph 1 purport to state conclusions of law and that, therefore, those allegations require no response. To the extent that the allegations are deemed to require a response, Pennick denies those allegations.

2. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Pennick denies the allegations of the first sentence of paragraph 7. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the second, third, and fourth sentences of paragraph 7. Pennick denies the allegations of the fifth and sixth sentences of paragraph 7.

8. Pennick denies the allegations of paragraph 8.

9. Pennick admits that around October or November of 2000, the original architect on the project was replaced with Brendan McNamara of Brendan McNamara Residential Design. Pennick denies the remaining allegations of paragraph 9.

10. Pennick denies the allegations of paragraph 10.

11. Pennick lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 11. Pennick denies the allegations of the second sentence of paragraph 11.

12. Pennick denies the allegations of paragraph 12.

13. Pennick denies the allegations of paragraph 13.

14. Pennick denies that the design was Grennon's. Pennick admits the remaining allegations of paragraph 14.

15. Pennick admits that Grennon received a letter from Pennick's attorney on or around March 16, 2005, and states that that letter speaks for itself with regard to its contents. Pennick admits that Pennick's attorney sent a letter to Grennon's attorney on April 6, 2005, and states that that letter speaks for itself with regard to its contents.

Pennick admits that Pennick's attorney sent a letter to Grennon's attorney on or around April 8, 2005, and states that that letter speaks for itself with regard to its contents.

16. Pennick denies the allegations of paragraph 16.

17. Pennick denies the allegations of paragraph 17.

18. Pennick denies the allegations of paragraph 18.

## Count I
(False and Misleading Statements -- Lanham Act Section 43(a)(1)(B))

19. Pennick repeats and realleges her responses to paragraphs 1 through 18 as if set forth fully herein.

20. Pennick denies the allegations of paragraph 20.

21. Pennick denies the allegations of paragraph 21.

22. Pennick denies the allegations of paragraph 22.

23. Pennick admits the allegations of paragraph 23.

24. Pennick admits the allegations of paragraph 24.

25. Pennick denies the allegations of paragraph 25.

26. Pennick denies the allegations of paragraph 26.

## Count II
(Copyright Ownership)

27. Pennick repeats and realleges her responses to paragraphs 1 through 26 as if set forth fully herein.

28. Pennick admits the allegations of paragraph 28.

29. Pennick denies the allegations of paragraph 29.

30. Pennick denies the allegations of paragraph 30.

## Count III
(Unfair Trade Practices)

31. Pennick repeats and realleges her responses to paragraphs 1 through 30 as if set forth fully herein.

32. Pennick denies the allegations of paragraph 32.

33. Pennick denies the allegations of paragraph 33.

34. Pennick denies the allegations of paragraph 34.

35. Pennick denies the allegations of paragraph 35.

36. Pennick denies the allegations of paragraph 36.

## Count IV
(Commercial Disparagement)

37. Pennick repeats and realleges her responses to paragraphs 1 through 36 as if set forth fully herein.

38. Pennick denies the allegations of paragraph 38.

39. Pennick denies the allegations of paragraph 39.

## Count V
(Intentional Interference with Contractual Relations)

40. Pennick repeats and realleges her responses to paragraphs 1 through 39 as if set forth fully herein.

41. Pennick denies the allegations of paragraph 41.

42. Pennick denies the allegations of paragraph 42.

43. Pennick denies the allegations of paragraph 43.

44. Pennick denies the allegations of paragraph 44.

## Count VI
(Unjust Enrichment)

45. Pennick repeats and realleges her responses to paragraphs 1 through 44 as if set forth fully herein.

46. Pennick denies the allegations of paragraph 46.

47. Pennick denies the allegations of paragraph 47.

48. Pennick denies the allegations of paragraph 48.

49. Pennick denies the allegations of paragraph 49.

## AFFIRMATIVE DEFENSES

In further answering, Pennick states as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendants have failed to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any harm suffered by Defendants is a result of actions by third parties for whom Pennick had no responsibility or control.

### THIRD AFFIRMATIVE DEFENSE

Any damages caused to Defendants were not caused by Pennick.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrines of estoppel and waiver.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrines of contributory or comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

Defendants have failed to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have sustained no damage as a result of any of the actions alleged.

### EIGHTH AFFIRMATIVE DEFENSE

Any and all statements made or alleged to have been made by Pennick were true in all pertinent respects and as such, Defendants cannot recover.

### NINTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' M.G.L. c. 93A claims are barred because the alleged acts did not occur primarily and substantially in Massachusetts.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' defamation claims are barred by truth, privilege, and/or lack of special damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Pennick is entitled to set-off and recoupment against damages, if any, awarded to Defendants.

Respectfully submitted,

Lisa Pennick

By her attorneys,

\_\_\_/s/ Jacob T. Elberg_____
Thomas E. Dwyer, Jr. (BBO # 139660)

                        David A. Bunis (BBO # 550570)
                        Jacob T. Elberg (BBO # 657469)
                        Dwyer & Collora, LLP
                        600 Atlantic Avenue
                        Boston, MA  02210
                        (617) 371-1000
                        (617) 371-1037 (fax)

Dated: August 23, 2005

### Certificate of Service

I, Jacob T. Elberg, hereby certify that a true copy of the above document was served via electronic transmission upon counsel for Defendants, Eric M. Sommers.

                         /s/ Jacob T. Elberg
                         Jacob T. Elberg